### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**KENNETH DEWAYNE PINKSTON**                                           **PETITIONER**

**v.**                                                      **No. 1:14CV22-SA-SAA**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

### ORDER TRANSFERRING CASE TO THE
### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI

This matter comes before the court on the petition [1] by Kenneth Dewayne Pinkston for a writ of *habeas corpus* under 28 U.S.C. § 2241. On September 13, 2012, the defendant, Kenneth Dewayne Pinkston, was sentenced by the Honorable Henry T. Wingate, United States District Judge in the Southern District of Mississippi, to 78 months imprisonment following his conviction for a violation of Title 18, United States Code, Section 922 (g)(1), Felon in Possession of a Firearm. Pinkston was remanded to the custody of the United States Marshals Service following the sentencing. On October 3, 2012, Pinkston was released to Scott County, Mississippi on a charge of Possession of Methamphetamine and sentenced to a term of ten (10) years imprisonment. The Scott County Circuit Court Judge specifically ordered that Pinkston's sentence "run concurrent with the federal sentence he is currently serving." After that sentencing proceeding, Pinkston remained in the custody of the Mississippi Department of Corrections and is currently housed in Louisville, Mississippi.

Pinkston filed the instant motion under 28 U.S.C. § 2241 challenging the manner in which his sentence is being carried out. Pinkston argues that because his federal sentence was imposed first, and because the State Court Judge clearly indicated that the state sentence was to run concurrent with the federal sentence, he should be receiving credit on his federal sentence for the time that he is currently

serving in state custody. Pinkston is not currently receiving any credit toward his federal sentence. The United States Marshals Service has a federal detainer for Pinkston, which means that he will be taken into federal custody when his state sentence expires. As the order from the United States District Court in the Southern District of Mississippi did not specifically indicate that the federal sentence should be served concurrently to any state sentence, the federal sentence will automatically run consecutive to the state sentence. As such, even though the federal sentence was imposed first, it will not begin to run until the state sentence has expired.

> Title 28, United States Code, Section 2241 (d) provides:
>
> Where an application for a writ of *habeas corpus* is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. *The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.*

28 U.S.C. §2241(d) (emphasis added).

Though § 2241(d) addresses the proper federal venue when an inmate is incarcerated under a state judgment, the court cannot discern why the same principle should not apply when an inmate is incarcerated under a federal judgment. Pinkston has made clear in his motion that he is not challenging his guilt in the federal case, but is contesting the manner in which the sentence is being calculated and carried out. As the sole issue in this case revolves around a sentence imposed in the Southern District of Mississippi – and turns on the wording and intent of that sentencing order – the court holds that this case would be best resolved in the Southern District of Mississippi where Pinkston's sentence was imposed. If the sentencing court or the parties intended that Pinkston's federal sentence run concurrent to a state court sentence, that issue would best be resolved in the court

where the case was tried. Put simply, the Honorable Judge Henry T. Wingate is best positioned to determine the intent behind the order he, himself, drafted. As such, the instant case is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi.

**SO ORDERED**, this, the 17th day of December, 2014.

/s/ Sharion Aycock
**CHIEF JUDGE
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI**